# IN THE COURT OF APPEALS OF IOWA

No. 19-1211
Filed October 9, 2019

**IN THE INTEREST OF P.N.,**
**Minor Child,**

**A.C., Mother,**
 Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Charles D.

Fagan, District Associate Judge.

A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**

Maura C. Goaley, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

Roberta J. Megel of State Public Defender Office, Council Bluffs, guardian

ad litem and attorney for minor child.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her child. She contends the State failed to prove the grounds for termination and that termination is in the child's best interests. She also contends the State failed to make reasonable efforts to return the child to her care. We review these claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The family came to the attention of the Iowa Department of Human Services (DHS) in March 2018 when the mother drank alcohol and received a citation for public intoxication while caring for the child. The mother has a long history of substance abuse, including alcohol and methamphetamine. She also has mental health issues. A psychological evaluation diagnosed the mother as having severe alcohol and stimulant use disorders, as well as moderate opioid and sedative use disorders. Based on the harm presented by the mother's use of drugs and alcohol and her failure to exercise a reasonable degree of care in supervising the child, the juvenile court adjudicated the child to be in need of assistance (CINA) in August 2018.

Efforts made to preserve the family were ultimately unsuccessful. Although the mother spent over four months in inpatient treatment to address her substance use, she relapsed one month after completing the program and drove with the child while under the influence of methamphetamine and alcohol. The juvenile court removed the child from the mother's care as a result. Rather than addressing her substance use, the mother admitted to using methamphetamine, alcohol, and Xanax on a daily basis. As a result, the case goal changed from reunification to termination of parental rights. Following a hearing on the State's petition to

terminate parental rights, the juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(e), (h), and (*l*) (2019).

The mother contends the State failed to prove the grounds for termination. Although the juvenile court terminated the mother's parental rights on three grounds, we may affirm so long as clear and convincing evidence supports one of these grounds. *See In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). To terminate parental rights under section 232.116(1)(h), the State must prove the following by clear and convincing evidence:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated [CINA] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother does not challenge the first three requirements but instead argues the State failed to show the child could not be returned to her custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean to mean "at the time of the termination hearing"). "[A] child cannot be returned to the custody of the child's parent under section 232.102 if by doing so the child would be exposed to any harm amounting to a new [CINA] adjudication." *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (first alteration in original) (citation omitted).

The evidence shows that returning the child to the mother's custody at the time of the termination hearing would expose the child to harm amounting to a new CINA adjudication. The mother has not addressed the concerns that led to the CINA adjudication and the child's removal. The mother completed substance-abuse treatment but relapsed one month after her discharge from inpatient treatment. The mother returned to inpatient treatment in May 2019 but left the program after one day. She has not demonstrated any notable period of sobriety. At the termination hearing, the mother testified that she was finally ready to get treatment and maintain sobriety. But the time periods provided in section 232.116(1)(h) had passed. "It is unnecessary to take from the children's future any more than is demanded by statute." *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987). Therefore, the State has proved the grounds for termination under section 232.116(1)(h) by clear and convincing evidence.

The mother next challenges the finding that termination is in the child's best interests. In making the "best interests" determination, our primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Our de novo review of the evidence shows termination is in the child's best interests. Although the State offered the mother services to address her substance use for more than a year, the problem persists. The child has medical needs that

require special attention, and failure to attend these needs places the child's health in danger. The mother's ongoing substance use prevents her from providing the child with the required level of care needed. In short, the mother cannot provide the safety and permanency the child needs.

Finally, the mother contends the State failed its obligation to make reasonable efforts to return the child to her care. *See* Iowa Code § 232.102(9) (requiring the DHS to "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child"). However, a "parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing." *Id.* The mother's failure to inform the juvenile court during the CINA proceedings of her complaints regarding the adequacy of services precludes her from raising this issue for the first time on appeal. *See In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002); *In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999). Accordingly, we affirm the termination of the mother's parental rights.

**AFFIRMED.**